

PAUL MANNES
U. S. BANKRUPTCY JUDGE

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Greenbelt

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| LORIN HENRY BLEECKER | : | Case No. 09-32538PM |
| | : | Chapter 7 |
| Debtor | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | : | |
| LORIN HENRY BLEEKER | : | |
| Movant | : | |
| vs. | : | |
| | : | |
| SUSAN R. LEE | : | |
| Respondent | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | : | |

**MEMORANDUM OF DECISION AND ORDER**

Before the court is a Motion for Finding of Contempt and for Sanctions and Damages for Violation of Discharge [Injunction] filed by Lorin Henry Bleeker who filed a bankruptcy petition under Chapter 7 on November 19, 2009. The action was filed against Susan R. Lee, who claims she was hired by the Debtor in August 2008, shortly after her admission to the Maryland Bar in June 2008.

The court finds as a fact that the Debtor agreed that Ms. Lee would be paid $36.00 an hour. Ms. Lee took on more and more responsibilities during her employment, which took on a somewhat different nature following the disbarment of the Debtor on May 12, 2010. The Debtor did not list Ms. Lee as a creditor on his Schedules, although he assured her that he would pay her what he owed her despite the bankruptcy filing. Evidence of this appears in Ms. Lee's Exhibits 5 and 12. Ms. Lee's work at the Bleeker Law Firm was critical in that she assisted the Debtor in collecting legal funds in cases that he had turned over to Sherman Robinson and Steven Katz.

What is notable about the bankruptcy case is that, after the filing of the petition, more than $100,000.00 in fees were received by the Law Firm on account of cases it turned over to the trial attorneys following the Debtor's disbarment. The Debtor valued his interest in his Law Firm at $1.00. As it turned out, the Law Firm's assets were worth substantially more than $1.00.

As indicated above, the court believes the testimony of Ms. Lee and does not believe the testimony of the Debtor – that is, that Ms. Lee was an unpaid volunteer attorney who was getting valuable legal experience at the feet of the Debtor. Ms. Lee was strung along with promises of payment. The court finds that she was told by the Debtor that she would be paid regardless of the bankruptcy. She swallowed this hook, line and sinker.

Nonetheless, Ms. Lee violated the discharge injunction of 11 U.S.C. § 524(a)(3). She commenced an action in knowing violation of the Debtor's discharge. This contempt persisted from the filing of her state court action on January 28, 2013, through August 2, 2013, when the Circuit Court for Montgomery County, Maryland, entered an Order partially dismissing the case as to claims of Ms. Lee accruing prior to November 19, 2009. There remains her cause of action for claimed unpaid work and labor after the filing of the Chapter 7 bankruptcy petition that was not stayed. *See, Gordon v. Hines (In re Hines)*, 147 F.3d 1185 (CA9 1998). In any event, Ms. Lee acted in contempt of the discharge injunction, and sanctions must be imposed.

The court finds that the Debtor is entitled to reimbursement of a portion of his attorneys' fees incurred. This would include the fee for services of Rand Gelber for the period July 1, 2013, through July 25, 2013, for $3,262.50 for 8.7 hours computed at the rate of $375.00 an hour. The court will reduce the hourly rate to $300.00 an hour for Mr. Gelber's services. The Debtor also seeks $19,320.00 for Brian Seeber for services said to be rendered in connection with this contested matter and the Circuit Court action. The total expenses incurred are stated to be $263.50. The court has examined Mr. Seeber's application and compared it with the state court docket and the pleadings in this case. The court finds that the rate charged for the work done by him in the state court of $400.00 an hour was excessive and finds that the appropriate hourly charge for the state court action was $200.00 an hour. In addition, various time entries appear to be overstated as to the work done, such as, the entries for interviewing a former law partner to act as an expert witness, reviewing case law on summary judgment and developing strategy, to name a few. In addition, there appears to be considerable overlap between the defense of the pre-petition and postpetition claims of Ms. Lee. Some of the service rendered necessarily involved work involving her post-bankruptcy work claim that is not affected by the

discharge and remains the Debtor's responsibility.

Considering all the facts and circumstances, the court will allow reimbursement to Mr. Gelber of $2,610.00 for the services rendered and to Mr. Seeber of $8,250.00 for the services rendered as well as costs of $250.00 incurred.

IT IS SO ORDERED.


cc:
Brian R. Seeber, Esq., 6 Slow Stream Way, Ormond Beach, FL 32174
Charles M. Maynard, Esq., 401 East Jefferson Street, Suite 208, Rockville, MD 20850
P. David Gavin, Esq., 200 Monroe Street, Suite 115, Rockville, MD 20850

**End of Memorandum of Decision and Order**